IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **MICHAEL SALAS,** | ) | CASE NO.  1:07 CV 00001 |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **COMMISSIONER OF SOCIAL SECURITY** | ) | **Magistrate Judge Nancy A. Vecchiarelli** |
| | ) | |
| **Defendant.** | ) | **MEMORANDUM OPINION** |

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Nancy A. Vecchiarelli (Document #16).  On January 2, 2007, Plaintiff, Michael Salas, filed his Complaint challenging the final decision of the Commissioner of Social Security denying his claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act, 42 U.S.C. § 1381 et seq.  This Court has jurisdiction pursuant to 42 U.S.C. § 405(g).  Pursuant to Local Rule 72.2(b), the case was referred to Magistrate judge Vecchiarelli for a Report and Recommendation.

On December 6, 2007, the Magistrate Judge issued her Report and Recommendation. The Magistrate Judge recommends that the final decision by the Commissioner of Social Security denying Plaintiff's request for Supplemental Security income be vacated and the case be remanded, as the decision of the Commissioner is not supported by substantial evidence.  The

Magistrate Judge reviewed each of Plaintiff's arguments, and found all but one to be without merit. Specifically, the Magistrate Judge determined that the case should be remanded so that the Administrative Law Judge may issue a new decision containing a new finding with respect to the number of jobs available to someone with Plaintiff's limitations and a determination whether the number of jobs identified constitutes a significant number of jobs in the national economy as defined by 20 C.F.R. § 404.1566. The Magistrate noted that the ALJ may conduct a new hearing if necessary.

No objections were filed to the Report and Recommendation. On December 19, 2007, the Commissioner filed a Response to the Report and Recommendation, stating that the Commissioner will not file objections to the Report and Recommendation. (Docket #18).

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to that report. When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case de novo. FED. R. CIV. P. 72(b) states:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

The text of Rule 72(b) addresses only the review of reports to which objections have been made; it does not indicate the appropriate standard of review for those reports to which no objections have been properly made. The Advisory Committee on Civil Rules commented on a district court's review of *unopposed* reports by magistrate judges.

-2-

In regard to subsection (b) of Rule 72, the advisory committee stated: "When no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." FED. R. CIV. P. 72 advisory committee's notes (citation omitted).

The U.S. Supreme Court stated in *Thomas v. Arn*, 474 U.S. 140, 150 (1985): "It does not appear that Congress intended to require district court review of a magistrate judge's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."

The standard of review for a magistrate judge's report and recommendation is distinct from the standard of review for the Commissioner of Social Security's decision regarding benefits. Judicial review of the Commissioner's decision, as reflected in the decisions of the ALJ, is limited to whether the decision is supported by substantial evidence. *See Smith v. Secretary of Health and Human Servs.*, 893 F.2d 106, 108 (6th Cir. 1989). "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Casey v. Secretary of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (citation omitted).

**Conclusion**

This Court has reviewed the Magistrate Judge's Report and Recommendation *de novo*. After careful evaluation of the record, this Court adopts the findings of fact and conclusions of law of the Magistrate Judge as its own. This Court finds that Magistrate Judge Vecchiarelli properly recommended that the Commissioner's decision should be vacated and this case remanded. Upon remand, the Administrative Law Judge shall issue a new decision containing a new finding with respect to the number of jobs available to

someone with Plaintiff's limitations and a determination whether the number of jobs identified constitutes a significant number of jobs in the national economy as defined by 20 C.F.R. § 404.1566. If necessary, the ALJ may conduct a new hearing. Accordingly, the Report and Recommendation of Magistrate Judge Vecchiarelli (Document # 16) is hereby ADOPTED and the decision of the Commissioner is hereby VACATED and the case REMANDED for proceedings consistent with the findings described above.

     IT IS SO ORDERED.

                                            s/Donald C. Nugent
                                            DONALD C. NUGENT
                                            United States District Judge

     DATED: January 14, 2008